

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

TAMERA TORRES-MARTINEZ,

      Plaintiff-Appellant,

v.

UNITED STATES OF AMERICA,

      Defendant-Appellee.

No. 14-15564

D.C. No. 4:11-cv-00519-DCB

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Argued and Submitted April 14, 2016
San Francisco, California

Before: THOMAS, Chief Judge, and REINHARDT and CHRISTEN, Circuit
Judges.

      Tamera Torres-Martinez appeals the district court's judgment awarding

Torres-Martinez $40,000 in damages for a January 2009 collision with a United

---

      [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

States postal truck that left Torres-Martinez injured. We affirm. Because the parties are familiar with the history of the case, we need not recount it here.

The district court correctly applied Arizona law to conclude that the collision did not cause Torres-Martinez's continuing subjective complaints of pain. Under Arizona law, the elements of a negligence claim are "the existence of a duty owed, a breach of that duty, and *damages causally related to such breach*." *Smethers v. Campion*, 108 P.3d 946, 949 (Ariz. Ct. App. 2005) (emphasis added). Thus, Torres-Martinez had the burden to prove that causal relationship by the preponderance standard, and the district court properly applied that standard in determining that certain damages were not caused by the accident. *See Godwin v. Farmers Ins. Co. of Am.*, 631 P.2d 571, 573 (Ariz. Ct. App. 1981), *Gipson v. Kasey*, 150 P.3d 228, 230 (Ariz. 2007).

Torres-Martinez argues that the "reasonable certainty" standard, not the preponderance of evidence standard, should apply. However, the reasonable certainty standard (which, in Arizona at least, requires less proof than the preponderance standard) only applies to the extent of damages awarded, not to the question of damage causation. As the commentary to Restatement (Second) of Torts § 912 (1979), which discusses the "reasonable certainty" test (and which has

been favorably cited by Arizona courts, *see, e.g., Felder v. Physiotherapy Assocs.*, 158 P.3d 877, 885 (Ariz. Ct. App. 2007)) provides:

> In all of these cases the recovery of damages for a particular harm is dependent upon proof that the harm occurred as the result of the tortious conduct, and normally the plaintiff can recover damages for the harm only by proving this with the same degree of certainty as that required in proving the existence of the cause of action.

Restatement (Second) of Torts § 912 cmt. a (1979).

The purpose of the "reasonable certainty" test is to relieve the plaintiff of proving damages with absolute certainty, not to relieve the plaintiff of proving causation by a preponderance of the evidence. *See id.* Thus, the district court correctly applied Arizona law in its causation findings.

The district court did not clearly err in its consideration of expert testimony. The district court assessed and resolved conflicting medical testimony on the question whether the collision caused Torres-Martinez's continuing complaints of pain. *See Anderson v. City of Bessemer City*, 470 U.S. 564, 574 (1985) ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous.").

**AFFIRMED.**